# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JURGEN VOLLRATH**, | Case No. 3:19-cv-1577-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DePUY SYNTHES BUSINESS ENTITIES, JOHNSON & JOHNSON, DOES I through X, and ROE Business Entities I through X**, | |
| Defendants. | |

Jurgen Vollrath, Plaintiff, *pro se*.

Anne M. Talcott, SCHWABE, WILLIAMSON & WYATT PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendants DePuy Synthes Business Entities and Johnson & Johnson.

Samatha Hurst Vollrath, Marc Vollrath, Katherine Vollrath, and Anne Vollrath, minor children acting through their mother, Cecily Hurst, Proposed Intervenor-Plaintiffs, *pro se*.

**Michael H. Simon, District Judge.**

Plaintiff Jurgen Vollrath ("Vollrath"), *pro se*, brings this lawsuit against Defendants DePuy Synthes Business Entities ("DePuy") (whom Defendants state is properly known as "Medical Device Business Services, Inc.") and Johnson & Johnson (collectively, "Defendants"). In his Amended Complaint, Plaintiff states that DePuy, a wholly-owned subsidiary of Johnson & Johnson, manufactured and sold S-ROM modular hip implants with a separate titanium stem,

Page 1 – Opinion and Order

sleeve, and head. Plaintiff contends that this modular hip was defective in both design and manufacture. Plaintiff alleges that in December 2010, he had hip replacement surgery, during which a defective S-ROM modular hip made by DePuy was implanted into Plaintiff and that this modular hip failed in September 2017. Plaintiff asserts claims of negligence, product liability (including failure to warn), breach of warranty, fraud (including willful concealment), and intentional infliction of emotional distress. Plaintiff seeks unspecified economic damages for medical expenses and non-economic damages in the amount of $9 million for past, present, and future pain and suffering.

Samatha Hurst Vollrath, Marc Vollrath, Katherine Vollrath, and Anne Vollrath are Plaintiff's four minor children. Through their mother, Cecily Hurst, appearing *pro se*, these minor children (collectively, the "Proposed Plaintiff-Intervenors") move to intervene as additional plaintiffs in this lawsuit. The Proposed Plaintiff-Intervenors assert in their motion that they have "legal and equitable rights to distribution of damages in this case" that are not adequately protected by Plaintiff. ECF 17 at 2. The Proposed Plaintiff-Intervenors also state in their motion that they seek to pursue their own separate claims against Defendants, "not yet asserted," including claims of emotional distress and loss of guidance, care, and support. *Id*. In addition, the Proposed Plaintiff-Intervenors assert that Plaintiff is more than $60,000 in arrears under a court-ordered support obligation and that Plaintiff has refused to communicate with his children since Plaintiff's injury in 2017. *Id*. Further, the Proposed Plaintiff-Intervenors state in their reply that Plaintiff has already obtained orders from a state court in Oregon granting Plaintiff "sole physical and legal custody and denying Plaintiff's mother [Cecily Hurst] direct contact with the minor children." ECF 19 at 2. They add, however, that these orders were recently vacated in an emergency hearing held on October 18, 2019. *Id*.

Rule 24(c) of the Federal Rules of Civil Procedure *requires* that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Proposed Plaintiff-Intervenors, who are appearing through their mother acting *pro se*, have not yet filed this required pleading. In addition, although Plaintiff did not respond to the pending motion to intervene, Defendants have filed an opposition. Defendants state that the Proposed Plaintiff-Intervenors are not entitled to intervene as a matter of right, arguing that they have not shown that their interests in this lawsuit are protected by law or that there is a relationship between any legally-protected interest they might have and Plaintiff's claims against Defendants. Defendants further argue that the Court should deny permissive intervention on the ground that the claims of the Proposed Plaintiff-Intervenors do not share a common question of law or fact with Plaintiff's claims in this case.

## STANDARDS FOR INTERVENTION

### A. Intervention of Right

To intervene as of right under Rule 24(a)(2), an applicant must meet four requirements:

> (1) [the applicant] has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)) (quotation marks omitted); *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (holding that judgment debtor with an interest in the property of a defendant in the action did not have a right to intervene because its economic interest was not "related to the underlying subject matter of the litigation"). Regarding the first element, an applicant for intervention has a significant protectable interest if the interest

is protected by law *and* there is a relationship between the legally protected interest and the plaintiff's claims. *So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803, *modified on other grounds*, 353 F.3d 648 (9th Cir. 2003) (emphasis added) (citations omitted). To trigger a right to intervene, an economic interest must be concrete and related to the underlying subject matter of the action. *Id*. "An allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *Alisal Water Corp.*, 370 F.3d at 920. If a party seeking to intervene fails to meet any of these requirements, it cannot intervene as a matter of right. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

**B.     Permissive Intervention**

Applicants for permissive intervention under Rule 24(b) must meet three threshold requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Even if an applicant satisfies the threshold requirements, a court still has discretion to deny permissive intervention. *Donnelly*, 159 F.3d at 412. In exercising this discretion, a court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id*.

## DISCUSSION

**A.     Intervention of Right**

The Proposed Plaintiff-Intervenors argue that "the children's claims for pecuniary and non-pecuniary losses arising from their father's injury clearly constitute a 'protectible interest relating to the [injury] that is the subject of this action.'" ECF 19 at 5 (alteration in original). The

children assert that Oregon law allows them directly to pursue their own losses deriving from the deprivation of special familial relationships, and the Court will assume for purposes of the pending motion that they are correct in this assertion. Nevertheless, the Proposed Plaintiff-Intervenors incorrectly conflate their own right to assert direct claims against Defendants based on the harm allegedly caused by Defendants to the children's parental relationship with their father and any claim that the children may have to receive a portion of their father's "distribution of damages in this case," whether by judgment or settlement.

For intervention by right, the first two elements require that the intervention applicant has a significant protectable interest relating to the property or transaction that is the subject of the action and that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest. *City of Los Angeles*, 288 F.3d at 397. These two elements are related and must be read consistently. The Proposed Plaintiff-Intervenors in this case may have a significant protectable interest relating to the transaction that is the subject of the action, if "transaction" is understood as meaning the manufacture and sale of an allegedly defective modular hip that was implanted in Plaintiff and allegedly caused injury both to Plaintiff and the Proposed Plaintiff-Intervenors. But then the second element of intervention of right would be lacking, because the Proposed Plaintiff-Intervenors can adequately protect their own interest in that "transaction" by bringing their own lawsuit.[1] Alternatively, if the Proposed Plaintiff-Intervenors contend that their protectable interest is their right, based on Plaintiff being $60,000 in arrears under a court-ordered support obligation, to receive a portion of whatever Plaintiff may recover against Defendant by judgment or settlement, that is not the type of interest

---

[1] The Proposed Plaintiff-Intervenors could even file their own lawsuit and move to have it consolidated with this action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, asserting as common questions of law or fact whether the modular hip at issue is defective and, if so, whether it caused damage to Plaintiff and the Proposed Plaintiff-Intervenors.

that would support intervention as of right. *See Alisal Water Corp.*, 370 F.3d at 919. Thus, the Court denies the Proposed Plaintiff-Intervenors' motion for intervention as of right.

**B.     Permissive Intervention**

The Proposed Plaintiff-Intervenors appear likely to satisfy the three threshold requirements for permissive intervention. First, there appears to be an independent basis for subject-matter jurisdiction. The Proposed Plaintiff-Intervenors appear to be citizens of either Oregon or Maryland, Defendants are citizens of Indiana and New Jersey, and it appears likely that the amount in controversy exceeds $75,000, at least based on Plaintiff's non-economic damage claim of $9 million. This would support subject-matter jurisdiction under a theory of diversity of citizenship.[2] Second, Defendants have not yet even filed their answer to Plaintiff's Complaint; thus, the Court concludes that the motion to intervene is timely. Third, the Court finds likely common questions of law or fact between the movant's claim and the main action, although this too cannot be determined with any finality because the Proposed Plaintiff-Intervenors did not comply the Rule 24(c)'s directive that they file with their motion to intervene a proposed complaint-in-intervention. The likely common questions are whether the modular hip at issue, made and sold by Defendants, is defective and, if so, whether it caused damage to Plaintiff and the Proposed Plaintiff-Intervenors.

Notwithstanding that the threshold issues required for permissive intervention appear to be satisfied, the Court still has discretion to deny permissive intervention. *Donnelly*, 159 F.3d at 412. In this case, the Court perceives a need to proceed cautiously. In their motion to intervene, the four children, as the Proposed Plaintiff-Intervenors, assert, through their mother appearing *pro se,* that their father, the Plaintiff, "has refused the children's communication and

---

[2] Because the Proposed Plaintiff-Intervenors have not yet filed a proposed complaint-in-intervention, the Court cannot determine these issues with finality.

cut contact with them since the injury . . . ." ECF 17 at 2. In their reply in support of the pending motion, however, the four children assert, again through their mother, that their father has "already obtained" orders from a state court in Oregon "granting him sole physical and legal custody and denying Plaintiff's mother direct contract with the minor children." ECF 19 at 2. The mother then adds that these orders "were only recently vacated by the Hon. Keith Raines in an emergency hearing held on October 18, 2019, just as enforcement was pending." *Id*. Thus, it is not clear who, between Mr. Vollrath (the father and Plaintiff *pro se*) and Ms. Hurst (the mother, who also appears *pro se* and purports to represent the interests of the Proposed Plaintiff-Intervenors), has the legal authority to represent the minor children (the Proposed Plaintiff-Intervenors). Further, the final resolution of that important question has the potential unduly to delay the resolution of this lawsuit, the main action. This potential for delay is an appropriate basis to deny permissive intervention. *See Donnelly*, 159 F.3d at 412.

## CONCLUSION

Cecily Hurst's Motion to Intervene (ECF 17) is DENIED.

**IT IS SO ORDERED**.

DATED this 22nd day of January, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
